Judge Cake.
This is a Writ of Right. The Demandants, in the form prescribed, by the Act of Assembly, count of a tract of land, which they set out by metes and bounds, and say that they have right to- have the said tenement with the .appurtenances, and offer proof that such is their yight. The Tenants come and defend the right, &c.; and after describing the tenement in the words of the count, they put themselves ®n the Assize, and pray that recognition be made, whether they have greater right to hold the tenement aforesaid with the appurtenances, as they now hold it, or .the said W. Garrard, and frames his wife, W. Barnes and Sarah his wife, James Bream, Thomas Bullitt and Alexander Bullitt, to have as they now demand it. And the Demandants, in like manner, put themselves upon the Assize, and to be made, whether they have right to hold the tenement aforesaid, as they* demand, or the said Tenants, The mise thus were sworn, the truth to say, whether the Defendants have more right to Rold the said land and appurtenances, which the Demandants claim against them, by the said" Writ of Right, or the Demandants to have it, as they demand.
I have stated the pleadings thus specially, to show in the clearest light, the single point in issue, upon which the parties have staked their rights; to which the evidence and the Jury are tied down; to which, and to which alone, the verdict must respond. That point is simply an enquiry into the mere right; a comparison of the title, whether the'Tenants have more right to hold, or the Demandants lo h&ve, the land in controversy.
How have the Jurj answered this enquiry? They find, “that the Demandants have more right to have the tenement which they demand against the Defendants, by their Writ of Right, than the Defendants have to hold the same.” If they had stopped here, there could not have been the shadow of a doubt. They had fully discharged ihemselvos of the issue in the very terms of their oafh.But tliéj go on, and find two other facts, the influence of which on the cause, they submit to the Court: 1-. .That Alexander BullHl, yne of the Bomgmkpta was dead before tire instittition of the suit *111 living children; 2. That Bream, who claims a part of the land is Controversy, under a Deed from Mrs: Huie, was not in possession by authority of any of the representatives of C. Bullit, previous to the execution of that Deed; and also, that Mrs, Huie was not in actual. possession, when she executed that Deed, but was in legal possession of the title to her distributable part of the said land.
Upon this verdict, the Court below rendered Judgment for Defendants; and this Judgment, if it stands, will be an eiernal bar to the claims of áll and each of the Demandants; for, the Books all tell tis, that when once the mjse is joined on the mere the Judgment must be final. Thus Co. Litt. 295, b. “ Seeing the mise is joined on the mere right, albeit, the verdict of the Grand Assize be given upon another point, yet Judgment final shall be given. And so it is, if the Tenant, after the mise joined, make default, or confess the action, or the Demandant be non suit; and yet, in none of these cases, they of the Grand Assize gave their verdict upon the mere right.Does it not seem a strange anomaly, that where the whole and sole enquiry, the Jury could, under their oaths, make, was, whether the Tenants or Demandants held right to the land, and whore they have explicitly answer» ed, íbat íhe Demandants had the bettei right, a Judgment should be entered, the effect of which is, that fhs Tenants have the right, and that this Judgment should '-tedffial and j--ong^.ivs upon the right? Let us examine the nature of the'ívro " gf," which have wrought this startling effect.
Matter of defence is either in abatement, or In bar. Where it goes to destroy the cause of action, it is in bar. Where it merely defeats the present proceeding, and does not show that the Plaintiff is forever concluded, it is in abatement. This definition shows at once, that the facts added by the Jury to their verdict, present mailer in abatement, for, that one of the Demandants was dead at the issuing of the Writ, or that Bream held :in common with othersj, could never destroy the cause of action, though if properly pleaded, either might defeat the present proceeding. Matter in abate* ment is either intrinsic, appearing in the Writ, Declaration, Replication, or some pleading of the Plaintiff; or it is extrinsic. For intrinsic matter, the Court will, ex officio, abate the suit. Extrinsic matter is such as either de facto abates the suit, or such as renders it abateable. Of the first sort, is the death of the Demandant, or one of the several Demandants in a Writ of Right, pending the action; and at whatever stage of the suit, this fact comes to the knowledge of the Court, they will abate the suit. ‘ Carr. v. Carter, and Drago v. Stead, in our books ire cases of this kind, But, the death *113 of a party before the commencement of a suit, is a fact which does not, of itself, abate the Writ, hut only falsifies and renders it abateahle by plea, put in, in dun time, and proper form. If the Defendant, passing by the fact of such death, pleads, generally, or as here,joins the mise on the mere right, he thereby acknowledges that the party is in life, and forever precludes himself from taking advantage of his death, in any manner or form. So of the second fact found, that Bream was not in possession previous to the Deed of Mrs. ITuie, and that she .had only a legal possession, it is evident that by this finding, the Jury meant to present the question, whether, under such circumstances, the Deed conveyed the title of Mrs. Hide; and it is equally clear, (and indeed was conceded at the bar,) that any conveyance, whether at Common Law or Statutory, would, under such circumstances, carry the title.
But, it was relied on, that this finding was important in another point of view; that it showed, that Bream held as tenant in common with the other Demandants, and could not,, therefore, properly join with them in the action. However true this may be, it is ”msi, clear, that it is extrinsic matter, purely in abatement, and not abating the Writ, hut rendering itabateable only: that as such, have been pleaded before the mise joined, and could net er b£ touched afterward,?. Suppose, that siter the mise -yo'macl, the Tenants had rnad-i formal appjj&ííwn to ;V- f q-UTVto be permitted to plead both thw'i matters 4 ' ..cut. -•'¡.uld it not have been grossand palpable c.-'-w.hn the Court toha-e received such plea? The Books all tell us so. But, if it could not have been pleaded, is it not most strange' to suppose, that it might on the trial of the mise, have been given in evidence, when the issue was wholly different, and the opposite party having no notice, could not be prepared to rebut it, though he might have known of twenty witnesses who could directly disprove it? Ón this point, I refer to the case of Bolling v. The Mayor of Petersburg, 3 Rand. 563, and the eases there cited.'
But, these facts have been found; they form a part of the verdiet; and the question is, what shall we do -with them? I answer without them as The verdict, without them, is a perfect answer to the issue. These facts are wholly out of it,- and ought not to prevent a Judgment for the Demandants. ■ It is settled Law, founded on the soundest and clearest reason, that the verdict is void so far as it goes out of the issue. Thus, in Foster v. Jackson, Hobart, 53, it is said, “First lay this for a ground, that if the Jury find any thing that is merely out ©f the issue, that such verdict, for so much, is utterly void and of no force, hough it conclude in general for or againsb-the Plaintiff or *114 Defendant; whereof the reason is plain, which is, that the Juror are trier? of matter of fact put in issue b< .tween- the parties, and their ©ath, which contains their commission, is, that they shall truly try the issue between party and party. So that whatsoever they do try besides the issue is per non juraros: as .a cause judged by the Court lathath no jurisdiction of the. cause, is :coram nonjudxce, and ut« tony-'-, Qid^ for, a verdieA, must not he to the action that might ha.ve icen pleaded, hut to the issue which, is .pleaded, ánd in their charge'. And if that other point had been pleaded, it might have had anothfer answe*an(j evidence. And so upon the matter, if that extravagant {¡art of y erdict be false, it is no perjury,¡..neither doth an attaint ie upon' it.” The reason here seems to. me most conclusive. Again, 1 Lev. 66, cited Com. Dig. tit. “ Pleader,” S. 18, it is said, “ If a verdict finds matter out of the issue, it is void for so much, though the matter out of the issue destroys the Pláintifl’s title.” Again, Co. Litt. 227, a. “But, if the Jury give a verdict of the whole issue, and of more, &c., that which is more is-surplusage, and shall Hot stay Judgment; for, utile per inutile non vitialur. But, necessary incidents required by Law, the Jury may find.” 21 Vin. Abr. D. 9, 2, Pl. 8. “ If the Jury find the issue and more, the is void.” Pl. 9. “ Where is found verdict in Assize, as jointenancy, &c., which abates the Writ, this is when it is not and shall not prejudice the Plaintiff.” These Authorities put the point beyond question. I refer alsb, as well on this, as the other legal positions taken before, to the many Authorities collected by my brother Green, which I have examined, and know to be correctly stated.
Upon the whole, I am clearly of opinion, that the Judgment of the Court below be reversed, aud final Judgment entered for the Demandants.
Judge Green.
The pleadings having been made up, and the mise joined in the usual form, as prescribed by the Act of Assembly, the Jury found that the Demandants have more right to have the tenement as they demand it, than the Tenants have to hold it; unless the right of the Demandants to recover, is affected by two facts; 1st, that one of the Demandants was dead before the emanation of the original Writ, leaving children, his heirs; and 2dly, that one of the Demandants received a conveyance from H. Cr. lime for her distributable share of ¿he lagd in controversy, when he was not in possession, under, or by *115 authority of any of the legal representatives of C. Bullitt, and wheji the said Huie was not in actual possession of the land, hut was in legal possession of her title to her distributive share.
The obvious purpose of finding the last of these facts was to sub* mit to the Courtthe question, whether H G. Huie, being entitled t© a distributable part of the land in question .and having convey edhgeinterest therein to one of the Demandants, whenshe wasnxf id actual, possession, and when he was not in possession under the legal owners, her Deed passed her title. If not, it is clear that all the Demandants were not entitled as they claimed to be, and the question would Iiave arisen, whether, in that case, even those who were entitled could have had any judgment? The question, however,'on that point does not arise, since it is clear that AT. G. Hide’s Deed passed her title, whether it was by feoffment with livery of seisin, (as could hardly be the case; for, in that case, she would have been in actual possession at the time of the conveyance,) or by Deed of bargain and sale, or lease and release, or covenant to stand seised to uses, or otherwise; for, no adverse possession being found, she had a legal seisin, which might be transferred to another bj1- any Common Law or Statutorjr conveyance; and the seisin, so transferred, was sufficient, under our Act of Assembly, to maintain a Writ of Right. .But this finding shows, that whether she was seised in parcenary with the other Demandants, (as is implied by the finding) or jointly, or in common, her grantee must have been a Tenant in com ¡non with the other Demandants; all of whom are found to have better right than the Tenants. And it is equally clear, that Tenants in fiommon cannot properly join in a Writ of Right; and a joint Writ, alleging a joint right in them, is false. So the other finding, that one of the Demandants, who, if alive, would have had title, was dead before the emanation of the Writ, leaving chiklreu who were iiis heirs, siso falsified the Writ. Either of these facts might have been pleaded in abatement of ihe Writi, and if they can now be taken notice of, a Judgment of abatement, or a final Judgment upon the right, in favor of the Tenants, must be the consequence.
To determine whether these facts, brought in this form to the notice of the Court, can be properly assumed as the foundation of their Judgment, an attention to some of the settled doctrines of the Law in respect to abatements, is necessary.
Matter of abatement is either intrinsic, appearing on the face of the Writ, or shown by the pleadings on Ihe part of the Plaintiff; in which case, the Court will, ex oficio, abate the Writ or suit, as the nature of the matter of abatement, so appearing, may require, dad at an}*- stage of the suit at which it is brought to the attention *117 sf'íhe éourt in any way, even after verdict on the general issue, unless-cured by the pleadings or-verdict; Or it is extrinsic, which' can only be shown by plea in abatement, or suggestion, to the Court either by one of the parties or an amicus curias; and the party making such a suggestion, maltes it, not as a party, but as am* icus curiae. Of these extrinsic matters of abatement, some only make the suit abateable; and they must be pleaded in due 'time or they cannot be afterwards available to him in any possible way. I it all such eases, extrinsic matter of abatement, existing before the suing but of the Writ, and before the proper time for pleading in abatement, must be then pleaded, or they can never after be pleaded or insisted on; and such matter thereafter arising, must be promptly pleaded puis darrien continuance, or the party loses the benefit of’ the plea forever. Other extrinsic matters of abatement are such as abate the suit de facto, and these after the Defendant has lost the right of pleáding them, being made known to the Court at any stage of the cause, and in any way, abate the suit; and if not made known to the Court, and Judgment he given either for Plaintiff or Defendant, such matter may he assigned upon a Writ of Error, as effrojpia fact, for which the Judgment would be reversed. And finally, the same matter may, in some cases, be pleaded in abatement or in bar,, at the election of the Defendant.
Considering the death of one of the Demandants before the suing out of the Writ, and the several tenancy of the Demandants, found by the Jury in this case, for the present, as matters going only i& abatement of the suit, what is their effect as they are presented to the; Court? They are extrinsic matters, and such as do not, (as the death of a party pending the suit does,) de facto abate it. Nothing-existing before the suing out of the Writ can defacto abate the suit, since it only falsifies the. Writ, and makes it abateable, and that only by a timely plea in abatement. After pleading in bar, no plea in abatement is unless it be of which has since the last continuance, and which makes the suit abateable only, and does not ipso facto abate it. The Tenants,, therefore, could riot, after joining the mise, avail themselves of these facts by-plea, although they might have done so, upon their .first appearance;- and a Judgment for the Demandants generally, although one of them, was dead at the institution of the suit, could never be impeached upon the allegation of those facts, since nothng can be assigned,as error upon a Writ of Error, whieh might have heen pleaded in the original action.
Does the finding of these facts, by the Jury, vary the case, and ®ake it the duty of the Court to consider them as properly upon the *118 record? I think not. Although a Jury may find, upon the trial of the general issue, or any other, against an estoppel operating m respect to a matter involved in the issue, yet it is perfectly well settled, that they can in no case find, to any effectual purpose, any matter not within the issue which they are charged to try. If they do, the Court is bound to reject such finding as surplusage; and if the verdict be otherwise sufficient to justify a Judgment, then to give such Judgment, as would be proper, if there had been no such finding of matter out of the issue. This rule is founded on the best reasons. The parties cannot be supposed to come to trial, prepared to give evidence as to any matter, except that put in issue; and no evidence, not tending to prove the very matter in issue, can he properly allowed to go to the Jury. The finding of such collateral matter, must, therefore, be upon ex parte and illegal testimony, and is entitled to no respect whatever. It has been held here, and in the Supreme Court of the U. States, upon the fullest consideration, that no matter of abatement can be given in evidence, upon the trial of the mise joined Uphn-'the mere*right; and if we could, after the mise joined, give a Juil'gfiieht oSy'abátement, or any other than a final Judgment on th« ftí'añy case where the suit abates matter which abates it defacto, or Í3 pleaded in abatementpunis darrein continuance, I should clearly think that we could not in this case. I refer to a few cases in a summary way relatiag to these various points.
Death of a Plaintiff before suit, pleaded in abatement. 1 Chitt. P.. 441, and the cases there cited.
Several tenaney of one of the Demandants in mart d’ancetor, pleaded in abatement of the Writ, and admitted 1 Vin. Abr. Z. a. Pl. 1.
If matter of abatement be extrinsic, the Defendant must plead it; if intrinsic, the Court will take notice of it themselves. Dockminique v. Davenant, 1 Salk. 220, and 1 Vin. Abr. “Abatement,” K. b. Pl. 8. If it appeal', from the Writ itself, that it ought to abate, the Court will abate it ex officio, and that, even after verdict, as where, in Assize, no disseisor was named in the Writ, and this noticed in the verdict. 21 Vin. Abr. “.Trial,” P. f. Pl. 12.
Where Plaintiff or Demandant shows, by his pleading, that the Writ ought to abate, the Court will abate it ex officio. 1 Vin. Abr. i("Abatement,” A. passim.
All matters of abatement, in and before the Writ, should he pleaded. Ibid. F. b. Pl. 19.
A man shall not take advantage of a plea of abatement of the Writ, after a plea in bar, where, it, does not appear to the Court that it ought *119 ito abate. But, if that appear, the Court ought to abate it ex oficios although the Defendant admits the Writ by pleading in bar. Roll's Rep. 176. Anon.
Where a man pleads death pending the Writ, he shall not plead it after the last continuance; because this Writ is abated in fact. 1 Vin. Abr. “Abatement,” R. a. Pl. 4.
Praecipe quod reddat against two who were essoigned at the summons, and made default at the dajr, by which grand cape issued; and at the day one áppeared, and said that after the day of their default the other died. Judgment of the Writ. Ho shall have tho plea without saving the default, because it that the Writ abated’in. fact. Contra of entry (by the Plaintiff) after the last contin'dance or such like; for by this, the Writ is only abateable. Ibid. Pl. 5.
. Court cannot abate an abateable Writ, without plea. Ld. Raym. Rep. 476, cited in Vin. Abr. “Error,” with approbation.
Where a Writ is abateable, as by jomtenancy, several tenancy, misnomer, or by taking baron by the Plaintiff pending the Writ, and the like: and the party pleads and admits it, (by not taking advantage of it by plea in abatement,) he shall not have Writ of Error after. But, when the Writ is abated, (de facto,) as by death pending the Writ, and the party admits it, (as aforesaid,) yet, then he shall have Writ of Error after. 1 Vin. Abr. “ Abatement,” U, a. Pl. 16.
Error in fact, (upon a Writ of Error,) was assigned, viz: that the Plaintiff was a feme covert at the time of the action brought. Sect non allocaturs because it might have been pleaded in abatement, and it is a general rule not to suffer that to. be assigned for error in fact, which might have Deen taken advantage of by being pleaded in abatement. 10 Mod. 166, cited 9 Vin. Abr. “ Error,” E. a Pl. 10.
A verdict against the admissions ofthe parties express or implied in their pleadings, or out of the issue, is void as to so much; and the Court, disregarding such matter, will give such Judgment as, upon the pleadings, and so much of the verdict as is within the issue, may ■be proper. 21 Vin. Abr. “Trial,” P. f. Pl. 14. A verdict finding matter of abatement not in issue, held void for so much.
When the Jury find the issue and more, the surplusage is void, Ibid. D. g. 2, Pl. 8; as where jointenancy, Syc. which abates the Writ, is found by verdict in Assize, this is only surplusage when it is not pleaded, and shall not prejudice the Plaintiff. Ibid. Pl. 9.
In waste, the Plaintiff declared that the Defendant made feoffment, to the use of himself for life,.remainder to the Plaintiff in fee. The Defendant pleaded that he was seised in fee, absorte hoc * *121 that he made a feoffment. The Jury found, that he made feoffment to his use for iife without impeachment of waste, remainder to the Plaintiff; and Judgment for the Plaintiff, because the finding of the provision of the feoffment without impeachment of waste, was out of the issue. Ibid. Pl. 12; see too, Ibid. E. g. 4, Pl. 3, where in maintenance against two, the Plaintiff, in his replication, admitted that the maintenance was several. 1-Ield,that this abated his suit*, though the finding of the Jury to the same effect, would not.
It, was argued, however, that if'the Tenants were precluded from availing themselves of the fact, that one of the persons named as a Demandant was dead, before the emanation of the Writ in abatement* tire fact that be was dead, leaving children and heirs entitled to one-twentieth undivided part of the land, was admissible in bar of the action; because the 'remaining Demandants, exclusive of him who was dead, had not right to the whole of the land, as they demand it. They do not allege that, they hau; but that they, and the other named as a Demandant, had right to the whole; and this allegation is true. The plea in bar was an admission on the record, that he was alive, and competent to sue; which could not afterwards be controverted by. the Tenants, in any form. This was an estoppel, against which they could not make any allegation, nor the Jury find with any effect. When, therefore, it was proved, that a right to one-twentieth part of the land had devolved upon, or in any way been acquired by, Alexander Bullitt, although it was competent to the Tennants to show, that he had transferred to some oilier his right, by his own act, in bar of the demand asserted in his name, in this suit.; they could not show in evidence, that his right had devolved by his death on his children, since they had admitted on the record, .that he was alive and capable-of suing. Although a Jury may find the-truth upon an estoppel in peris, as by Deed, if it be not pleaded; yet they cannot find against an “estoppel or admission in the same recordin which the issue is joined, ’’Goddard’s Case, 2 Co.4;nor in any subsequent suit between the same parties or their privies, cart the Jury find against such an estoppel, whether it be by express admission, or by an omission-to deny an allegation in the pleadings in the-former suit,. unient dedireP Dicken v. Molland, Palm. 509; Sir H. Wallop's Case, Ibid. 19, cited 21 Vin Abr. “ Trial," R. f. Pl. 1, n; see also, Vin. Abr. same title, C. q. Pl. 29, 30, 31. And to prevent this estoppel in any subsequent suit, is the only purpose of a protestation, in pleading, which admits the fact protested against, for all the purposes of the suit in which the protest is made. This case is therefore to be considered, as if Alexander Bullitt was alive* both at the emanation of the Writ, and the trial of the issue,, notwith- ' *122 standing the finding of the Jury to the contrary; and the objection made on this ground, does not exist.
The remaining objection founded on this finding is, that it appears upon the evidence necessarily offered by themselves, that the Demandants, who demand as jointly seised’or entitled, were in fact Tenants in common seised severally of the undivided proportions of the land in question, to which they respectively had right; and that as Tenants in common cannot join in a Writ of Right, the Demand-arts have not more right to have as they demand, than the Tenants to hold as they hold, according to the terms of the mise; the Tenants having a perfect right to hold as they do, by virtue of their actual possession, against ¿1' who have not a right to have the land agalnst them, as they demand it This objection would have much, plausibility, if ¡his cause were to be decided upon the Common Lav/, independent of our Statute; according to which, the Demandants, when there were several, were obliged to allege a joint-or entire and actual seisin in themselves, such as parceners and jointenants hath For, if they alleged a several seisin, they thereby abated their suit; or, they must allege an actual seisin ir¡ their common ancestor, and show that, ihey were entiiled to claim as his heirs, If they showed in their count, that any one of the Demandants claim- . ed otherwise than as a parcener with the others, they would thereby also abate their suit. Being obliged to make such allegations, if upon the trial it appeared, upon their own evidence, that they were not true, and that some one of the Demandants was a Tenant in common with the others, it might be said, with some plausibility, that they failed in the proof that they were entiled to have the subject claimed, as they demanded it. Yet, no question upon a case of this sort has ever occurred in England, as far as.I can discover, as it surely must have done, if evidence upon the trial of the mise, that one of the Demandants was a Tenant in common with the others, would have defeated the action, and entitled the Tenants to a final Judgment upon the right. For if so, it would have been extreme felly to plead several tenancy of the Demandants in abatement, which would have subjected the Tenant to new actions, founded on the same rights. Nor can I suppose it possible, that the Common Law could have permitted such a monstrous consequence, as that parties clearly entitled should lose their rights forever, in consequence of a misconception of the form of their action.
Wo are, I think, relieved from any difficulty on this question, by the terms of our Act of Assembly prescribing the form of the count in the Writ of Right. This alleges no seisin either joint or several by the Demandants or their ancestor; but, only that they have *123 right to have the tenement in question; an allegation fully support’ cd by proof, that the Demandants, in exclusion of all others, have a right to the whole of the tenement demanded, no matter in what proportions or by what title, whether as Jointenants, Parceners, of Tenants in Common; the mangier in which they were entitled not affecting the question of their mere right.
I do not mean to insinuate, that our Statute has altered the Writ of Right in any of its fundamental principles. It is still appropriate only to a claimant of an estate in fee simple, by the Very terms our Statute, and is a possessory action, on actual or legal seisin of the Demandant or his ancestor only; as appears from our Statute of Limitations. These essential matters, although not alleged in the count, are .necessarily to he given, in evidence, or the Demandant must fail. The principles of the Common Law, also, requiring that Tenants in common shall sue severally and not jointly, and join tenants, jointly and not severally, and parceners, in some cases jointly, and in some severally, and that jointenants and parceners shall be sued jointly, and several tenants severally, are al 1 in force. But these being matters of abatement, are only available by plea in abatement, and if not so pleaded, cannot be insisted'on after the mise joined on the mere right, in any form whatever, since they do not affect the question of mere right.
The Judgment should be reversed, and final Judgment be given for the Demandants.
Judge Cabell concurred, and the Judgment was reversed.*

The Presidext, and Judge Coalteb, absent.